UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

|  |  |  |
|---|---|---|

THE NEW YORK TIMES COMPANY
and CHARLIE SAVAGE,

Plaintiffs,

- against -

U.S. DEPARTMENT OF EDUCATION
and U.S. DEPARTMENT OF JUSTICE,

Defendants.

**COMPLAINT**

_____

Plaintiffs THE NEW YORK TIMES COMPANY and CHARLIE SAVAGE, by their

undersigned attorney, allege for their Complaint:

      1.      This is an action under the Freedom of Information Act ("FOIA"), 5

U.S.C. § 552, to obtain an order for the production of agency records from Defendants

Department of Education ("DOE") and Department of Justice ("DOJ") in response to FOIA

requests properly made by Plaintiffs.

      2.      On August 1, 2017, Plaintiff Charlie Savage reported in *The New York*

*Times* that the Department of Justice had posted an announcement to the agency's Civil Rights

Division seeking lawyers for a new project involving "investigations and possible litigation

related to intentional race-based discrimination in college and university admissions." The

announcement suggested that President Trump and his administration intend to use DOJ

resources to investigate and sue universities over affirmative action admissions policies that

allegedly discriminate against white applicants. *See* Charlie Savage, *Justice Dept. to Take On*

*Affirmative Action in College Admissions*, N.Y. TIMES, Aug. 1, 2017, *available at*

http://nyti.ms/2yuEYzp.

        3.     Administration officials subsequently disputed the account, and there

remains an unresolved dispute over whether the administration is shifting direction in its review

of university affirmative action admissions policies.

        4.     The FOIA requests at issue in this action seek records relating to the work

of the Civil Rights Division on affirmative action under the new administration.

**PARTIES**

        5.     Plaintiff The New York Times Company publishes *The New York Times*

newspaper and www.nytimes.com.  The New York Times Company is headquartered in this

judicial district at 620 Eighth Avenue, in Manhattan.

        6.     Plaintiff Charlie Savage is a reporter for *The New York Times* and an

employee of The New York Times Company.

        7.     Defendant DOJ is an agency of the federal government that has possession

and control of the records that Plaintiffs seek.

        8.     Defendant DOE is an agency of the federal government that has

possession and control of the records that Plaintiffs seek.

**JURISDICTION AND VENUE**

        9.     This Court has subject matter jurisdiction over this action, pursuant to 28

U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

        10.     Venue is premised on the place of business of Plaintiffs and is proper in

this district under 5 U.S.C. § 552(a)(4)(B).

2

11.     Plaintiffs have exhausted all administrative remedies available. An agency must make and communicate its determination whether to comply with a request under FOIA within 20 business days of receiving the request, 5 U.S.C. § 552(a)(6)(A)(i), or within 30 business days if the agency determines that unusual circumstances apply. 5 U.S.C. § 552(a)(6)(B)(i)-(iii). The DOE and DOJ have failed to make an initial determination with respect to Plaintiffs' request within the timeframe set by FOIA, and Plaintiffs are therefore deemed to have exhausted all administrative remedies, pursuant to 5 U.S.C. § 552(a)(6)(C).

## FACTS

12.     On August 10, 2017, the Times submitted a FOIA request to the DOJ (DOJ-2017-006008) seeking: "1. Emails, texts, memos, or other documents sent to or from Rachel Brand or Jesse Panuccio in the Office of the Associate Attorney General, or to John Gore, Kathy Toomey, Eric Treene or Tom Wheeler in the Civil Rights Division, between January 20, 2017 and the present, containing any of the following terms: 'admissions,' 'affirmative action,' 'Blum,' 'Center for Equal Opportunity,' 'Chapel Hill,' 'Clegg,' 'college,' 'Department of Education,' 'Education Department,' 'Harvard,' 'North Carolina,' 'OCR,' 'O.C.R.,' 'Office for Civil Rights,' 'Princeton,' 'PFR,' 'P.F.R.,' Project on Fair Representation,' 'reverse discrimination,' 'SFA,' 'S.F.A.,' 'Students for Fair Admissions,' 'UNC,' 'U.N.C.,' 'university,' or '17-CRT-DTL-012.' 2. Emails, texts, or memos pertaining to the Civil Rights Division detail opportunity to work on investigations and possible litigation related to intentional race-based discrimination in college and university admissions. 3. Resumes submitted by Justice Department employees applying for detail opportunity No. 17-CRT-DTL-012."

13.     On September 8, 2017, the DOJ determined that "unusual circumstances" applied, pursuant to 5 U.S.C. § 552 (a)(6)(B)(i)-(iii).

3

14.     The DOJ has failed to issue a response within 30 business days, as required under FOIA. *See* 5 U.S.C. § 552(a)(6)(A)(i); 5 U.S.C. § 552(a)(6)(B)(i)-(iii).

15.     On August 10, 2017, the Times submitted a FOIA request to the DOE (17-02423-F) seeking: "copies of emails, texts memos, or other documents sent to or from Candice Jackson in the Office for Civil Rights containing any of the following words or terms: 'admissions,' 'affirmative action,' 'Blum,' 'Brand,' 'Center for Equal Opportunity,' 'Chapel Hill,' 'Civil Rights Division,' 'CRT,' 'C.R.T.' 'Clegg,' 'Department of Justice,' 'Gore, 'Justice Department,' 'Harvard,' 'North Carolina,' 'Panuccio,' 'Princeton,' 'PFR,' 'P.F.R.,' 'Project on Fair Representation,' 'reverse discrimination,' 'SFA', 'S.F.A.,' 'Students for Fair Admissions,' 'Toomey,' 'Treene,' 'UNC,' 'U.N.C.,' or 'Wheeler.'"

16.     On August 28, 2017, Plaintiff Charlie Savage agreed to narrow his request to the DOE to the "generally understood meanings of the terms."

17.     On September 12, 2017, Plaintiff Charlie Savage further narrowed his request to the DOE to records relating to "cases/complaints/discussion" of "college and university affirmative action/race conscious admissions policies," and to the names of specific individuals (for example, he narrowed the search for keyword "Brand" to records relating to Rachel Brand, the Associate Attorney General of the United States).

18.     The DOE has failed to issue a response to the request within 20 business days, as required under FOIA. *See* 5 U.S.C. § 552(a)(6)(A)(i).

## COUNT I

19.     Plaintiffs repeat, reallege, and reincorporate the allegations in the foregoing paragraphs as though fully set forth herein.

20.     Defendant DOJ is subject to FOIA and must therefore release in response to a FOIA request any disclosable records in its possession at the time of the request and provide a lawful reason for withholding any materials as to which it is claiming an exemption.

21.     The DOJ has failed to act on Plaintiffs' request within 30 business days as required by FOIA. *See* 5 U.S.C. § 552(a)(6)(A)(i); 5 U.S.C. § 552(a)(6)(B)(i)-(iii). Accordingly, Plaintiffs are deemed to have exhausted their administrative remedies under FOIA.

22.     The DOJ has no lawful basis for declining to release the records requested by Plaintiffs under FOIA.

23.     Accordingly, Plaintiffs are entitled to an order compelling DOJ to produce records responsive to their FOIA request.

## COUNT II

24.     Plaintiffs repeat, reallege, and reincorporate the allegations in the foregoing paragraphs as though fully set forth herein.

25.     Defendant DOE is subject to FOIA and must therefore release in response to a FOIA request any disclosable records in its possession at the time of the request and provide a lawful reason for withholding any materials as to which it is claiming an exemption.

26.     The DOE has failed to act on Plaintiffs' request within 20 business days as required by FOIA. *See* 5 U.S.C. § 552(a)(6)(A)(i).  Accordingly, Plaintiffs are deemed to have exhausted their administrative remedies under FOIA.

27.     The DOE has no lawful basis for declining to release the records requested by Plaintiffs under FOIA.

28.     Accordingly, Plaintiffs are entitled to an order compelling the DOE to produce records responsive to their FOIA request.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

29.     Declare that the documents sought by their FOIA request, as described in the foregoing paragraphs, are public under 5 U.S.C. § 552 and must be disclosed;

30.     Order the DOE and DOJ to provide the requested documents to Plaintiffs within 20 business days of the Court's order;

31.     Award Plaintiffs the costs of this proceeding, including reasonable attorneys' fees, as expressly permitted by FOIA; and

32.     Grant Plaintiffs such other and further relief as this Court deems just and proper.

Dated: New York, NY
          September 28, 2017

_____/s/_____
David E. McCraw, Esq.
Legal Department
The New York Times Company
620 8th Avenue, 18th Floor
New York, NY 10018
phone: (212) 556-4031
fax: (212) 556-1009
e-mail: mccrad@nytimes.com
*Counsel for Plaintiffs*

6